UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TOBIN ENDOWMENT,

        Plaintiff,

v.                                    Case No. 5:20-CV-1146-JKP

GREAT AMERICAN ASSURANCE CO.,

        Defendant.

## ORDER

    Defendant removed this action alleging diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal (ECF No. 1). It asserts that "[a]ccording to Plaintiff's state court pleadings, Plaintiff alleges it is a citizen or inhabitant of Texas." *Id*. ¶ 7. The state petition, however, merely states that "Plaintiff is a Texas charitable trust, and its principal office is in San Antonio, Bexar County, Texas." *See* Pl.'s Orig. Pet. (ECF No. 1-5) ¶ 2. Defendant improperly relies on the state petition. For purposes of diversity jurisdiction, courts determine the citizenship of a trust "by the citizenship of its trustee." *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex. 2009) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462-63 (1980)).

    The Fifth Circuit has long held that, under Fed. R. Civ. P. 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Rule 12(h)(3) provides in full: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

    Given the jurisdictional requirements of § 1332, the Court's responsibility for determining the existence of subject matter jurisdiction, and the express direction of Rule 12(h)(3), the

Court directs Plaintiff to cure the noted deficiency in its jurisdictional facts by filing a "Notice of Jurisdictional Facts" in which it affirmatively states the citizenship of its trustee. In doing so, it must not conflate "citizenship" and "residence." Those terms are not synonymous in this context. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). "Citizenship requires not only residence in fact but also the purpose to make the place of residence one's home." *Id.* (quotations and brackets omitted). Plaintiff shall file its Notice **on or before December 28, 2020**. Until this jurisdictional issue is resolved, the Court finds good cause to delay issuance of any scheduling order. *See* Fed. R. Civ. P. 16(b)(2).

    **SIGNED this 10th day of December 2020.**

_____
**JASON K. PULLIAM**
**UNITED STATES DISTRICT JUDGE**